**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| ARIEL SEAFOODS OF FLORIDA, INC. *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 26-3468 (RC) |
| | : | | |
| v. | : | Re Document Nos.: | 6, 11 |
| | : | | |
| HOWARD LUTNICK, *et al.,* | : | | |
| | : | | |
| Defendants. | : | | |

# MEMORANDUM OPINION

**GRANTING FLORIDA FISH AND WILDLIFE CONSERVATION COMMISSION'S MOTION TO INTERVENE; GRANTING JOINT MOTION OF SOUTH CAROLINA DEPARTMENT OF NATURAL RESOURCES AND GEORGIA DEPARTMENT OF NATURAL RESOURCES TO INTERVENE**

## I. INTRODUCTION

Plaintiffs in this case seek to invalidate three Exempted Fishing Permits ("EFPs") that the Secretary of Commerce ("Secretary") and the National Marine Fisheries Service ("NMFS") (collectively, the "Government") issued on September 21, 2026. The EFPs exempt specified fishing activities from regulations under the Magnuson-Stevens Fishery Conservation and Management Act ("MSA"), 16 U.S.C. § 1801 *et seq*. These EFPs allow for an expanded 14-day recreational red snapper open season for three South Atlantic states—Florida, Georgia, and South Carolina—as part of state data collection projects. Plaintiffs, commercial fishermen and fishing companies, challenge the EFPs on grounds that the Government's issuance of the permits violated the Administrative Procedure Act ("APA") and the MSA.

The Florida Fish and Wildlife Conservation Commission ("FWC"), the South Carolina Department of Natural Resources ("SCDNR"), and the Georgia Department of Natural Resources ("GADNR") are the recipients of the EFPs at issue. FWC, SCDNR and GADNR move to intervene as defendants as a matter of right under Federal Rule of Civil Procedure 24(a), and, in the alternative,

for permissive intervention under Rule 24(b). This Court previously granted FWC's motion to intervene in a related case. *See Southeastern Fisheries Association, Inc. v. Lutnick*, CV 26-1533 (RC), 2026 WL 1759498 (D.D.C. June 18, 2026). Plaintiffs and the Government presently take no position on the motions to intervene. For the reasons stated below, the two motions to intervene under Rule 24(a) are granted.

## II. FACTUAL BACKGROUND

MSA exists, inter alia, to "conserve and manage the fishery resources found off the coasts of the United States." 16 U.S.C. § 1801(b)(1). To prevent overfishing in designated coastal areas, the MSA mandates the creation of fishery management plans administered by regional councils, in coordination with the Secretary and the NMFS. *See id.* § 1852(a), (h). Pursuant to this statutory scheme, fisheries in the South Atlantic region are subject to various restrictions on the harvest of red snapper: among other regulations, red snapper may only be harvested during specified seasons (including a limited, weekend-only recreational season) and in limited quantities. *See* 50 C.F.R. §§ 622.181(c)(2), 622.183(b)(5)(i), 622.193(y)(2). The Secretary, acting through NMFS personnel, can relax harvest restrictions by issuing EFPs "for limited testing, public display, data collection, exploratory fishing, compensation fishing, conservation engineering, health and safety surveys, environmental cleanup, and/or hazard removal purposes." *Id.* § 600.745(b)(1).

FWC is the state agency entrusted with managing Florida's fish and wildlife resources. FWC Mot. Intervene ("FWC Mot.") at 1, ECF No. 6. SCDNR and GADNR are the state agencies entrusted with managing the fish and wildlife resources of the states of South Carolina and Georgia respectively. Joint Mot. SCDNR & GADNR Intervene ("Joint Mot.") at 2, ECF No. 11. On July 10, 2026, FWC, SCDBR, and GADNR applied for EFPs "to improve data on recreational fishing effort, catch, and discards of red snapper in the South Atlantic and to inform

the development of a long-term state-led management strategy for the recreational harvest of red snapper" and to "provid[e] recreational fishermen . . . increased fishing opportunities for red snapper" among other reasons. Snapper-Grouper Fishery of the South Atlantic; Requests for Exempted Fishing Permits, 91 Fed. Reg. 51467, 51467 (Aug. 10, 2026). After overseeing a public notice-and-comment process, the NMFS issued EFPs to the three agencies on September 21, 2026. *See* FWC Mot. at 1–2; Joint Mot. at 1–2. The EFPs allow anglers to harvest red snapper in South Atlantic federal waters for an extended recreational season, which is slated to last from October 9 through October 22, 2026. Nat'l Marine Fisheries Serv., *Exempted Fishing Permit to Test a State-Based Data Collection and Management System for the Recreational Harvest of Red Snapper off Florida in 2026* at 2 (Sep. 21, 2026), https://www.fisheries.noaa.gov/s3/2026-09/fwc-efp_09212026.pdf [https://perma.cc/3WV8-B925]; Nat'l Marine Fisheries Serv., *Exempted Fishing Permit to Test a State-Based Data Collection and Management System for the Recreational Harvest of Red Snapper off Georgia in 2026* at 2 (Sep. 21, 2026), https://www.fisheries.noaa.gov/s3/2026-09/gadnr-efp_09212026.pdf [https://perma.cc/65JA-LSNK]; Nat'l Marine Fisheries Serv., *Exempted Fishing Permit to Test a State-Based Data Collection and Management System for the Recreational Harvest of Red Snapper off South Carolina in 2026* at 2 (Sep. 21, 2026), https://www.fisheries.noaa.gov/s3/2026-09/scdnr-efp_09212026.pdf [https://perma.cc/TV2E-3ZLS].

On October 5, 2026, a group of commercial fishing businesses and individual commercial fishermen filed suit against the Secretary and the NMFS in this Court. *See* Compl. ¶¶ 1, 24–29, 37–38, ECF No. 1. Plaintiffs requested that the Court vacate and declare the Florida, Georgia, and South Carolina EFPs unlawful under the APA. *Id.* ¶ 7. On October 7, 2026, FWC moved

for intervention as of right under Rule 24(a), and, in the alternative, for permissive intervention under Rule 24(b). FWC Statement P. & A. Support Mot. Intervene ("FWC SPA") at 2, ECF No. 6-1. SCDNR and GADNR moved to intervene on the same grounds on October 8, 2026. Joint Mot. at 2. Plaintiffs and the Government take no position on these two motions. FWC Mot. at 2; Joint Mot. at 3.

## III. LEGAL STANDARD

As a threshold matter, prospective defendant-intervenors in this Circuit must demonstrate Article III standing through an adequate showing of injury in fact, causation, and redressability. *See Crossroads Grassroots Pol'y Strategies v. Fed. Election Comm'n*, 788 F.3d 312, 316 (D.C. Cir. 2015). Where a party moves to intervene in defense of a government action, as the proposed intervenors do in support of the federally issued EFPs here, the party must establish "that it will be injured in fact by the setting aside of the government's action it seeks to defend, that this injury will have been caused by that invalidation, and the injury would be prevented if the government action is upheld." *Am. Horse Prot. Ass'n, Inc. v. Veneman*, 200 F.R.D. 153, 156 (D.D.C. 2001). The Supreme Court has described an injury in fact as "an invasion of a legally protected interest" that is "concrete and particularized" as well as "actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (citation modified).

To intervene as a matter of right under Federal Rule of Civil Procedure 24(a), a party must satisfy four elements: "1) timeliness of the application to intervene; 2) a legally protected interest; 3) that the action, as a practical matter, impairs or impedes that interest; and 4) that no party to the action can adequately represent the potential intervenor's interest." *Crossroads*, 788 F.3d at 320. Courts must take all well-pleaded, non-conclusory allegations in the putative

intervenor's motion and supporting materials as true "absent sham, frivolity or other objections." *WildEarth Guardians v. Salazar*, 272 F.R.D. 4, 9 (D.D.C. 2010) (citation modified).

## IV. ANALYSIS

The Court begins by analyzing FWC's, GADNR's, and SCDNR's constitutional standing, before proceeding to analyze whether they have met Rule 24(a)'s requirements for intervention as of right. Because the Court concludes that the proposed intervenors have satisfied these requirements, they shall comply with the briefing schedule order in this case. *See* Order Granting Pls.' Consent Mot. Br. Schedule at 2, ECF No. 10. As the proposed intervenors have satisfied their requirements for intervention as of right, the Court need not consider the propriety of permissive intervention under Rule 24(b).

### A. Standing

FWC, GADNR and SCDNR have established Article III standing via their demonstration of injury in fact, causation, and redressability.[1] In the instant case, Plaintiffs seek to invalidate three EFPs, including permits that the Government issued to "test data collection and management strategies for the recreational harvest of red snapper in the federal waters." FWC

[1] Rule 24(c) requires that a motion to intervene "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). FWC, GADNR, and SCDNR acknowledge that they have not submitted such a separate pleading. FWC Statement P. & A. Support Mot. Intervene at 8, ECF No. 6-1; Joint Statement P. & A. Support Mot. Intervene at 9, ECF No. 11-1. As this Court has noted, however, "other courts in this district have permitted a degree of flexibility with the technical requirements of Rule 24(c) where the position of the movant is apparent from other filings." *Pappas v. District of Columbia*, No. CV 19-2800 (RC), 2025 WL 2023211, at *2 (D.D.C. July 18, 2025) (citation modified); *see also MGM Glob. Resorts Dev., LLC v. U.S. Dep't of the Interior*, No. CV 19-2377 (RC), 2020 WL 5545496, at *6 (D.D.C. Sept. 16, 2020) ("[C]ourts in this Circuit have not applied this rule particularly rigidly."). The Court agrees that FWC's, GADNR's, and SCDNR's Motions to Intervene and their incorporated Statements of Points and Authorities make the proposed intervenors' position—specifically, their defense of the challenged, Government-issued EFPs in this case—clear. The Court therefore finds that the motions and statements together satisfy Rule 24(c).

SPA at 5, ECF No. 6-1; *see* Joint Statement P. & A. Support Mot. Intervene ("Joint SPA") at 5–6, ECF No. 11-1. The proposed intervenors enjoy expansive regulatory and executive authority with respect to their state's aquatic life under their respective state statutory provisions. *See* FWC SPA at 5 (citing Fla. Stat. §§ 20.331, 20.3311 (2025); Fla. Const. art. IV, § 9); Joint SPA at 2, 10 (citing S.C. Code Ann. § 48-4-10(A)-(B) (2025); O.C.G.A. §§ 27-1-3(b), 27-1-6 (2025)). Because Plaintiffs' lawsuit may prevent proposed intervenors from overseeing the expanded, EFP-approved fishing of red snapper—in line with their state statutory authority—the suit implicates their sovereign interest in enforcing wildlife-related regulations. *See* FWC SPA at 5–6; Joint SPA at 6–7, 10. As such, the proposed intervenors have alleged an injury that is particularized, or "personal and individual," sufficient for Article III standing purposes. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 330–31 (2016), *as revised* (May 24, 2016) (quoting *Lujan*, 504 U.S. at 560 n.1). The injury is concrete because the attempted invalidation of the EFPs poses an active, non-speculative threat to FWC's, GADNR's and SCDNR's interests.

Having cleared the injury-in-fact threshold, the proposed intervenors also readily satisfy the causation and redressability prongs of the standing analysis. *See Crossroads*, 788 F.3d at 316 (finding that causation and redressability "rationally follow[]" where defendant-intervenors have established injury in fact). According to FWC, GADNR, and SCDNR, Plaintiffs' lawsuit hinders the "collection of important fishing effort, catch, and discard data" involving South Atlantic red snapper, "critical for informing fishery management strategies in Florida, Georgia, and South Carolina." FWC SPA at 2; *see* Joint SPA at 11. The proposed intervenors' injuries are therefore "fairly traceable" to the instant suit, *see Lujan*, 504 U.S. at 560 (citation modified), without which the legality of the EFPs likely would not be before this Court. Successful defense

of the EFPs would prevent the proposed intervenors' plausible injury insofar as the fishing permits would continue to stay in effect.

**B. Intervention as of Right**

FWC, GADNR and SCDNR meet the four requirements for intervention as of right under Rule 24(a). First, on timeliness, this Circuit emphasizes various factors, including the time that has elapsed since the lawsuit's inception and any likely prejudice that intervention poses as to existing parties. *Amador Cnty., Cal. v. U.S. Dep't of the Interior*, 772 F.3d 901, 903 (D.C. Cir. 2014). FWC filed its motion to intervene on October 7, 2026—two days after Plaintiffs originally filed suit and almost two weeks before the deadline for the Government's answer according to the parties' proposed briefing schedule. *See* Order Granting Pls.' Consent Mot. Br. Schedule at 1. GADNR and SCDNR filed their joint motion only one day later. The motions thus fall well within the window of proper, timely intervention motions as set forth in this Circuit's precedent. *See Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 735 (D.C. Cir. 2003) (finding that motion to intervene as defendant, filed less than two months after plaintiff's complaint and before defendant's answer, was timely). Moreover, no party has suggested that it will face prejudice as a result of any of the proposed intervenors' participation in the litigation. *See* FWC Mot. at 2; Joint Mot. at 3.

Second and third, FWC, GADNR and SCDNR have cognizable legal interests that may be impaired by Plaintiffs' lawsuit. The injury-in-fact and causation requirements for Article III standing "are closely related to the second and third factors under Rule 24(a)." *Safari Club Int'l v. Salazar*, 281 F.R.D. 32, 38 (D.D.C. 2012), *on reconsideration*, No. 11-CV-01564 (BAH), 2012 WL 13069817 (D.D.C. Apr. 16, 2012). Indeed, this Circuit has explained that when a prospective intervenor "has constitutional standing," as FWC, GADNR and SCDNR do here, "it

*a fortiori* has 'an interest relating to the property or transaction which is the subject of the action.'" *Crossroads*, 788 F.3d at 320 (quoting *Fund for Animals*, 322 F.3d at 735). As such, for reasons similar to those discussed in the standing inquiry above, FWC, GADNR and SCDNR comfortably satisfy Rule 24(a)'s interest and impairment-of-interest prongs. Here, Plaintiffs' efforts to invalidate the EFPs—of which FWC, GADNR and SCDNR are direct beneficiaries, having applied for and received the permits in the first instance—impair the proposed intervenors' sovereign and other interests in administering an extended recreational red snapper season. *See* FWC SPA at 9–10; Joint SPA at 9–11.

Fourth, FWC, GADNR and SCDNR have established that the existing parties do not adequately represent their interests. The putative intervenor's burden on this front is "minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). As the Court has stated in granting FWC's motion to intervene in the related case *Southeastern Fisheries Association, Inc. v. Lutnick,* "the Government represents the broader public interest," while the proposed intervenors seek to protect narrower interests. *Southeastern Fisheries Association, Inc. v. Lutnick*, CV 26-1533 (RC), 2026 WL 1759498, at *3 (D.D.C. June 18, 2026). Indeed, FWC, GADNR and SCDNR are beholden to a narrower subset of the public than the Government, and accordingly, they have different, more-targeted interests in the preservation of their EFPs. *See* FWC SPA at 11; Joint SPA at 11–12; *WildEarth Guardians v. Jewell*, 320 F.R.D. 1, 5 (D.D.C. 2017) ("Federal Defendants' duty runs to the interests of the American people as a whole, [while] state-intervenors will primarily consider the interests of their own citizens."). Considering both the "need for a liberal application [of Rule 24] in favor of permitting intervention" and the high "burden on those opposing intervention"—which no parties have done here—"to show the

adequacy of the existing representation," the proposed intervenors meet the final requirement of Rule 24(a). *Nuesse v. Camp*, 385 F.2d 694, 702 (D.C. Cir. 1967).

## V. CONCLUSION

For the foregoing reasons, Florida Fish and Wildlife Conservation Commission's Unopposed Motion to Intervene (ECF No. 6) is **GRANTED**; and the Joint Motion of the South Carolina Department of Natural Resources and Georgia Department of Natural Resources to Intervene (ECF No. 11) is **GRANTED.** Florida Fish and Wildlife Conservation Commission, South Carolina Department of Natural Resources, and Georgia Department of Natural Resources shall comply with the Court's briefing schedule Order (ECF No. 10). An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: October 22, 2026

RUDOLPH CONTRERAS
United States District Judge